UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-0445-CVE-SH |
| | ) |
| VIC REGALADO, | ) |
| JAMES BELL, | ) |
| SMILEY ELMORE, | ) |
| IAN NAPIER, | ) |
| DO LYNCH, | ) |
| AMY FLETCHER, | ) |
| MAJOR BERRY, | ) |
| DR. KING, and | ) |
| ANDREW SKOUSEN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on defendant Andrew Skousen's motion to dismiss (Dkt. # 80). For the following reasons, the Court grants the motion to dismiss.

Christopher J. Barnett, a self-represented litigant, brings this action under 42 U.S.C. § 1983, claiming Skousen[1] was deliberately indifferent to his medical needs and retaliated against

---

[1] Barnett's third amended complaint identified Skousen as "Dr. Andrew." Dkt. # 60, at 3. Barnett alleges Skousen is an employee of Turnkey Health. Id. at 3, 41. Barnett also makes allegations throughout his third amended complaint against "Turnkey." See, e.g., id. at 43 ("Turnkey has retaliated against me and has refused me medical care."). However, Barnett has not named Turnkey as a defendant in this suit. See id. at 1-2, 10-13, 45. This Court, and others, have provided Barnett with sufficient guidance concerning how to properly name the defendants he wishes to sue. See, e.g., Dkt. # 23, at 3-4 ("[T]he Court strongly encourages Barnett to include in the second amended complaint all defendants he intends to sue in this civil action, all claims he intends to bring in this civil action, and all factual allegations to support those claims."); Dkt. # 56, at 1 (same); see also Barnett v. David L. Moss Criminal Justice Center, N.D. Okla. Case No. 22-CV-0454-GKF-SH, Dkt. # 14, at 2 ("To aid Barnett in filing one complete amended complaint, asserting all claims he intends to pursue in this civil action and identifying all defendants he intends to sue in this civil action, the Clerk of Court shall send to Barnett one blank civil rights complaint form . . .,

him while he was detained at David L. Moss Criminal Justice Center in Tulsa, Oklahoma (the "Tulsa County Jail"). Dkt. # 60. Barnett alleges Skousen diagnosed him with a hernia in July 2023 and provided Barnett with a hernia belt. Id. at 39.[2] Barnett challenges Skousen's failure to provide an MRI, CT scan, surgery and/or pain medication. See id. at 40-42. Barnett also alleges he was moved to "medical segregation" in retaliation for voicing his concerns about his pain. See id. at 42.

Skousen moves to dismiss Barnett's third amended complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim under section 1983 for deliberate indifference to medical needs. Dkt. # 80, at 5. Barnett filed a response in opposition to the motion. Dkt. # 87.

**I.      Dismissal standard**

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted. To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations

---

along with instructions for completing the form."). Barnett has also been given ample opportunity in this suit to file a complaint containing all the allegations, claims and defendants he wishes to include. See Dkt. ## 1, 4, 37, 60. Therefore, the Court will not consider or address Barnett's allegations against Turnkey.

[2]    The Court's citations refer to the CM/ECF header pagination.

and construe them in the plaintiff's favor. Id. But the court may disregard legal conclusions or conclusory statements devoid of factual support. Id.; Iqbal, 556 U.S. at 678.

The court must liberally construe a complaint filed by a self-represented litigant. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, like any plaintiff, a self-represented plaintiff bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The rule of liberal construction eases that burden by permitting the court to overlook basic drafting errors and confusion of legal theories in determining whether the complaint can be "reasonably read . . . to state a valid claim on which the plaintiff could prevail." Id. At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556). But dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558.

## II.    Deliberate indifference claim

Under the Eighth Amendment, jail officials "must provide humane conditions of confinement," i.e., they "must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting Garcia v. Salt Lake Cnty., 768 F.2d 303, 307 (10th Cir. 1985)). A violation of such rights under the Eighth

Amendment gives rise to a civil rights claim under 42 U.S.C. § 1983. See Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).

To state a plausible Eighth Amendment violation based on the failure to provide medical care, a plaintiff must allege facts evidencing "deliberate indifference to [his] serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To satisfy the deliberate-indifference standard, a plaintiff must plausibly allege (1) a harm that was objectively "sufficiently serious," Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006), and (2) that the defendant subjectively "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety[.]" Farmer, 511 U.S. at 837. Importantly, "the Eighth Amendment protects inmates from the infliction of punishment—it does not give rise to claims sounding in negligence or medical malpractice." Sherman v. Klenke, 653 F. App'x 580, 586 (10th Cir. 2016)[3] (internal quotations and citations omitted). "Indeed, even if a prison official's actions fell below a reasonable standard of care, the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Id. at 587 (internal quotations and citations omitted).

Skousen contends that "[Barnett] failed to plead facts sufficient to show deliberate indifference on the part of [] Skousen." Dkt. # 80, at 6. Skousen does not expressly argue Barnett's complained of condition was not sufficiently serious. See Dkt. # 80. Given Barnett alleges he was diagnosed with a hernia (Dkt. # 60, at 39, 42) and at least one physician, Dr. Pitts, informed Barnett he needed surgery (id. at 42), the Court concludes Barnett has plausibly alleged a harm that was objectively, sufficiently serious. Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) ("A

---

[3]  The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment[.]" (internal quotation and citations omitted)).

The subjective component requires a plaintiff to demonstrate that officials acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation and citation omitted). Under this standard, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 1227) (quoting Farmer, 511 U.S. at 837). "Such inference cannot be drawn when an inmate voices a mere disagreement with a diagnosis or a prescribed course of treatment, because the inmate has a constitutional right only to medical care—not to the type or scope of medical care which he personally desires." Sherman, 653 F. App'x at 586 (internal quotations and citations omitted); see also Dulany v. Carnahan, 132 F.3d 1234, 1250 (8th Cir. 1997) ("[A] prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment."), cited with approval in Callahan, 471 F.3d at 1160.

Barnett's allegations against Skousen are minimal. Barnett alleges Skousen diagnosed him with a hernia, provided him with a hernia belt and informed Barnett "that money is a factor and they try to avoid surgeries like this if they can." Dkt. # 60, at 39-40. The Court understands Barnett's claim to be that he should have been provided with pain medication, an MRI, a CT scan and surgery, and Skousen's purported failure to provide him these treatments constitutes deliberate indifference. Id. at 42-43. Barnett is not entitled to the type or scope of medical care he personally desires. Sherman, 654 F. App'x at 586. Further, "[t]he naked assertion that [Skousen] considered cost in treating [Barnett's] hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints

under which law-abiding citizens receive treatment." Id. at 592 (quoting Winslow v. Prison Health Services, 406 F. App'x 671, 674 (3d Cir. 2011)). Barnett's claim against Skousen amounts to a disagreement with the medical treatment provided by Skousen. This is insufficient to satisfy the subjective component of his claim and to state a claim against Skousen, in his individual capacity. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) ("Plaintiff simply disagrees with medical staff about the course of his treatment. This disagreement does not give rise to a claim for deliberate indifference to serious medical needs.").

Barnett also alleges he is suing Skousen in his official capacity. Dkt. # 60, at 2. A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents and is considered under the standard applicable to § 1983 claims against municipalities or counties. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010). A plaintiff can assert municipal liability claims against "'private entities acting under color of state law,' such as medical contractors." Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1144 (10th Cir. 2023) (quoting Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)). As previously noted, Barnett makes scattered allegations against Turnkey, but has not named Turnkey as a defendant. To the extent the Court reasonably can read Barnett's allegations against Skousen as an attempt to assert a municipal liability claim against Turnkey for deliberate indifference, that claim fails for the same reason Barnett fails to state a claim against Skousen in his individual capacity. To state a plausible municipal liability claim, Barnett must allege that "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." Walker v. City of Orem, 451 F.3d 1139, 1152 (10th Cir. 2006). The Court found that Barnett did not state a constitutional violation by Skousen. Consequently, Barnett cannot demonstrate the first element of his presumed municipal

6

liability claim against Turnkey – that a municipal employee committed an underlying constitutional violation. See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998); see also Quezada v. Roden, Case No. 22-CV-0092-TCK, 2022 WL 17472346, at *2 (N.D. Okla. Dec. 6, 2022) (unpublished) (dismissing municipal liability claim where plaintiff failed to state a claim for an underlying constitutional violation again the county employee individually). Accordingly, to the extent Barnett attempts to hold Turnkey liable for Skousen's actions by suing Skousen in his official capacity, Barnett fails to state a claim on which relief may be granted.[4] For these reasons, Barnett's deliberate indifference claim against Skousen, individually and officially, is dismissed.

### III.     Retaliation claim

Barnett also asserts a retaliation claim against Skousen. Barnett alleges:

> Dr. King and [Skousen] are both guilty of being indifferent to my medical needs and engaging in retaliation and having me moved to medical segregation because I am telling them I'm in pain and something is wrong. My 8th Amendment right to be free from cruel and unusual punishment has been violated and Turnkey and Dr. King and [Skousen] have both engaged in first amendment retaliation.

Dkt. # 60, at 42. Skousen did not address this allegation in his motion to dismiss. See Dkt. # 60. Nonetheless, because this Court authorized Barnett to proceed in forma pauperis, the Court has an ongoing obligation to determine whether this action should be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In performing this obligation, the Court applies the same standards

---

[4] In an abundance of caution, the Court has considered whether Barnett's allegations against Dr. King, an unserved defendant also sued in his official capacity, are sufficient to support a plausible municipal liability claim against Turnkey. See Dkt. # 60, at 2, 39-42. They are not. Barnett generally alleges that Dr. King, like Skousen and all other Turnkey staff, are incompetent and should have provided him the specific tests and the surgical treatment that Barnett deems necessary and appropriate for his medical condition. Id. Even considering Barnett's allegations against Dr. King, in his official capacity, the Court discerns no plausible municipal liability claim.

7

used to evaluate a Rule 12(b)(6) motion.  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

It is true that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . .  [A]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263–64 (10th Cir. 2006) (italics in original) (quoting Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)); see also Allen v. Avance, 491 F. App'x 1, 5-6 (10th Cir. 2012) (applying Peterson rule to pretrial detainee's retaliation claim).  To prove Skousen's liability for retaliation, Barnett is required to show:

> [He] engaged in a constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007).  Further, "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." Peterson, 149 F.3d at 1144.

Barnett fails to state a claim against Skousen.  Even assuming Barnett's third amended complaint includes sufficient allegations to satisfy the Shero elements, Barnett fails to allege Skousen's "direct personal responsibility for the claimed deprivation." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006); see also Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation and citation omitted)).  The third amended complaint is devoid of any allegations which demonstrate Skousen is responsible for housing assignments at the Tulsa County Jail.  Therefore, Barnett's retaliation claim against Skousen, in his individual capacity, is dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

Barnett also failed to allege the existence of a municipal policy or custom that was the moving force behind the alleged transfer to medical segregation. Walker, 451 F.3d at 1152. Therefore, Barnett's retaliation claim against Skousen in his official capacity is also dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.     Conclusion

Barnett has failed to state a claim upon which relief can be granted against Skousen.

**IT IS THEREFORE ORDERED** that Skousen's motion to dismiss (Dkt. # 80) is **granted**; Barnett's deliberate indifference claim asserted against Skousen in his individual and official capacity is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

**IT IS FURTHER ORDERED** that the retaliation claim asserted against Skousen in his individual and official capacity is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that d**efendant Andrew Skousen is terminated as a party defendant**.

**DATED** this 23rd day of June, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE